```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JIM L. GOLDIE,

    Plaintiff,

v.                                       Civil Action No. 2:23-cv-00766

MINGO LOGAN COAL LLC and
ARCH RESOURCES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Arch Resources, Inc.'s ("Arch Resources")[1] Motion to Dismiss (ECF No. 4), filed December 6, 2023. Plaintiff filed a response in opposition (ECF No. 10) on December 20, 2023, and Arch Resources replied (ECF No. 11) on December 27, 2023.

## I. BACKGROUND

Plaintiff Jim Goldie alleges that, on or about August 31, 2021, he was injured at the Mountaineer II Mine in Logan County in the course and scope of his employment as a pumper for defendant Mingo Logan Coal LLC ("Mingo Logan"). Compl. ¶¶ 6–8

---

[1] Arch Resources was formerly known as Arch Coal, Inc.

(ECF No. 1-1). According to the complaint, plaintiff was traveling outby in a mantrip at the mine when a locomotive pushing another mantrip, travelling inby, violently collided with him. Compl. ¶¶ 7–8. As a result of the collision, plaintiff claims that he suffered severe and permanent physical injuries, pain and suffering, and other associated damages. Compl. ¶¶ 9, 19.

Plaintiff commenced this action in the Circuit Court of Logan County on August 18, 2023, against defendants Mingo Logan and its alleged parent corporation, Arch Resources.[2] See Compl. The complaint asserts two causes of action: deliberate intent as to Mingo Logan, per West Virginia Code section 23-4-2(d)(2)(B) (Count I); and negligence as to Arch Resources (Count II). Compl. ¶¶ 10–30. Defendants removed the action on November 29, 2023, pursuant to the court's diversity jurisdiction.

Arch Resources filed the instant Motion to Dismiss on December 6, 2023, asserting that the complaint fails to allege that Arch Resources owed plaintiff a duty of care or that it breached that duty.

---

[2] Prior to filing the complaint, on June 1, 2022, plaintiff was granted a thirty-five percent whole person impairment award on his worker's compensation claim. Compl. ¶ 19 n. 2.

## II. LEGAL STANDARD

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007); Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court . . . to infer more than the mere possibility of that which is alleged." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (quotation marks omitted). "Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Iqbal, 556 U.S. at 679).

In determining whether to grant a Rule 12(b)(6) motion to dismiss, the court must first "accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks omitted), and then "draw[] all reasonable factual inferences from those facts in the plaintiff's favor." Edward v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). If the complaint fails to state a claim at that point, the motion to dismiss will be granted. See Fed. R. Civ. P. 12(b)(6).

## III. ANALYSIS

In West Virginia there are three elements to a negligence claim: "(1) A duty which the defendant owes [the plaintiff]; (2) negligent breach of that duty; (3) injuries received thereby, resulting proximately from the breach of that duty." Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016) (internal quotation marks and citation omitted). Arch Resources argues that the complaint fails to adequately allege the elements of duty and breach.

Regarding whether Arch Resources owed plaintiff a duty of care, the complaint alleges that Arch Resources is the "controller of the Mountaineer II Mine"; Arch Resources "employs a safety representative(s) to control, inspect, monitor, audit

4

and provide safety guidance and recommendations directly to and related towards the operations at the Mountaineer II Mine"; and said safety representative(s) "consult with the safety managers at the Mountaineer II Mine to control the aspects of safety at the mine and the address ongoing safety issues" and "undertake safety reviews and/or audits and in-person inspections" at the mine. Compl. ¶¶ 21–23. The complaint then concludes that "Defendant Arch Resources, Inc., owed Plaintiff Jim L. Goldie a duty to provide him with a reasonably safe working environment, including . . . where . . . mobile equipment and mantrips are adequately controlled [and] there is adequate communication between mobile equipment operators . . . ." Compl. ¶ 24.

Regarding the element of breach, the complaint merely says: "Defendant Arch Resources, Inc. breached its duty of care owed to Plaintiff Jim L. Goldie by engaging in a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff Jim L. Goldie and the other miners at the Mountaineer II Mine." Compl. ¶ 28.

The filings in this action closely mirror those in two cases decided by the court in the last year: Vance v. Mingo Logan Coal LLC, No. 2:22-cv-00593, 2023 WL 4378139 (S.D.W. Va. July 6, 2023) (Goodwin, J.) and Morris v. Mingo Logan Coal LLC, No. 2:23-cv-00316, 2023 WL 8260277 (S.D.W. Va. Nov. 29, 2023)

(Johnston, C.J.).  All three cases involve a miner employed at the Mountaineer II Mine suing Mingo Logan and Arch Resources after an alleged workplace injury, and in all three there has been a negligence claim asserted solely against Arch Resources. Additionally, several of the same attorneys have represented plaintiff(s) and defendants in all three actions.

In Vance, the only issue before the court was whether Arch Resources owed a duty to the plaintiff.  2023 WL 4378139, at *2.  The court held that the allegations were insufficient to establish that Arch Resources owed a duty of reasonable care to Mingo Logan employees at the Mountaineer II Mine, but did find the allegations "raise[d] a reasonable inference that Arch [Resources'] agents perform safety-related monitoring and inspections of the Mountaineer II Mine[,] . . . represent[ing] affirmative conduct with reasonably foreseeable risks that could establish Arch [Resources'] duty to [Mingo Logan] employees." Id. at *3.  While the court called the decision "a close call" and reflected that "Plaintiffs' allegations could certainly be more specific," it found the allegations sufficient to survive Arch Resources' motion to dismiss.  Id.

In Morris, the court analyzed the same two arguments as to whether Arch Resources owed plaintiff a duty and rejected both of them.  2023 WL 8260277, at *3–4.  First, as to the claim

that Arch Resources controls the Mountaineer II Mine, the court found that the only allegations on the matter were legal conclusions not entitled to a presumption of truth and, without more, were insufficient. Id. at *3. Second, as to the claim that Arch Resources was responsible for the compliance of the mine with federal and state safety statutes and regulations, the court, while noting it was a closer call, held that these allegations were also insufficient. Id. at *3–4. The court wrote that these allegations were also legal conclusions that had "ultimately no factual underpinnings to support that Arch [Resources] had a duty to protect [plaintiff] from the injury that allegedly occurred." Id. at *4. Thus, on the same allegations regarding Arch Resources' alleged safety oversight of the mine, the court in Morris and Vance came to opposite conclusions.

Unlike Vance, the court in Morris also addressed the issue of breach. In Morris, the court wrote the following:

> Plaintiffs[3] make no mention of whether Arch [Resources] had any involvement in monitoring or inspecting the aspects of Mountaineer II Mine that allegedly contributed to Mr. Morris' injury. Rather, it is Mingo Logan, not Arch [Resources], that Plaintiffs purport to have been responsible for examining and inspecting where Mr. Morris worked and where his alleged injury occurred. With nothing more to support

---

[3] In Morris, both the injured miner and his wife were plaintiffs.

7

> this claim, the Court cannot "draw the reasonable inference that [Arch Resources] is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. . . .
>
> Plaintiffs only claim that Arch [Resources] "breached its duty of care owed to Plaintiff Billy Morris by engaging in a conscious, reckless and outrageous indifference to the health safety and welfare of Plaintiff Billy Morris and the other miners at the Mountaineer II Mine."  However, this unsupported legal conclusion is nothing more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. As such, this conclusion is also not "entitled to the assumption of truth" and is "insufficient to state a claim." King[], 825 F.3d [at] 214 . . . .

Id. at *4.  Thus, the court held that even if the plaintiffs had sufficiently alleged that Arch Resources owed plaintiff a duty of care, they failed to allege breach, the second critical element of a negligence claim.  Id.  While the complaints in Vance and Morris are not part of the record in this case, the allegations described in those cases are nearly identical to those in the case at bar.

It is doubtful as to whether the complaint sufficiently alleges that Arch Resources owed plaintiff a duty of care.  Without wading into those muddy waters, the court disposes of this matter on the element of breach.  Plaintiff's only allegation regarding breach as to Arch Resources is that "Arch Resources, Inc. breached its duty of care . . . by

8

engaging in a conscious, reckless and outrageous indifference to the health, safety and welfare" of plaintiff and others. Compl. ¶ 28. This is identical to the allegation of breach that the court rejected in <u>Morris</u>, and the court here comes to the same conclusion. This claim is a legal conclusion with no supplied factual basis. It is not entitled to an assumption of truth, thereby rendering the negligence claim insufficient as to Arch Resources.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Arch Resources' Motion to Dismiss (ECF No. 4) be, and it hereby is, GRANTED, and this civil action be DISMISSED as to Arch Resources.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 8, 2024

John T. Copenhaver, Jr.
Senior United States District Judge